Ivan R. Novich (N.J. Bar No. 038311996)
Christie Pazdzierski, Esq. (NJ Bar No. 110522014)
**LITTLER MENDELSON, P.C.**
One Newark Center – 8th Floor
Newark, New Jersey 07102
Phone: (973) 848-4700
Fax: (973) 643-5626
*Attorneys for Defendant*
*Cushman & Wakefield of New Jersey, LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL TERRANOVA,<br><br>Plaintiff,<br><br>vs.<br><br>CUSHMAN AND WAKEFIELD OF NEW JERSEY INC., CUSHMAN & WAKEFIELD OF NEW JERSEY LLC, JOHN DOES 1-5, fictitious Names for other parties that caused harm to Plaintiff, ABC Corporation, Fictitious name for of any other Corporation under which those Responsible for causing harm to Plaintiff may operate,<br><br>Defendants. | Civil Action No. 21-17501<br><br>**NOTICE OF REMOVAL**<br>**(Diversity)**<br><br>*Electronically Filed* |

**TO:   THE CLERK AND THE HONORABLE JUDGES**
**OF THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

Defendant Cushman & Wakefield of New Jersey, LLC, by and through its undersigned counsel of record, files this Notice of Removal of the above-captioned action to the United States District Court for the District of New Jersey from the New Jersey Superior Court, Law Division, Bergen County, where the action is now pending, as provided by Title 28, United States Code, Chapter 89 and states:

## STATE COURT ACTION

1. Plaintiff Michael Terranova ("Plaintiff") commenced this action on August 10, 2021 by filing a Complaint in the Superior Court of New Jersey, Law Division, Bergen County, captioned *Michael Terranova v. Cushman and Wakefield of New Jersey Inc., et al.*, bearing Docket No. BER-L-005332-21 ("the State Court Action"). The State Court Action is now pending in that court. Attached as **Exhibit A** is a copy of Plaintiff's Complaint.

2. Plaintiff served Defendant Cushman & Wakefield of New Jersey, LLC on August 26, 2021. (Declaration of Donald Eisen, ¶2).

3. The other named Defendant, "Cushman and Wakefield of New Jersey Inc.," does not exist. Defendant Cushman and Wakefield of New Jersey Inc. merged with Defendant Cushman & Wakefield of New Jersey, LLC on December 31, 2017. The surviving entity is Defendant Cushman & Wakefield of New Jersey, LLC. (Declaration of Donald Eisen, ¶6).

4. The above documents constitute all "process, pleadings and orders" served upon Defendant in the State Court Action, pursuant to 28 U.S.C. § 1446(a).

## TIMELINESS OF REMOVAL

5. This Notice of Removal is timely filed within 30 days of August 26, 2021, the date on which service was effectuated, as required by 28 U.S.C. § 1446(b).

6. This Notice of Removal is also filed within one year of the commencement of the State Court Action and therefore is timely under 28 U.S.C. § 1446(c)(l).

## DIVERSITY JURISDICTION

7. The United States District Court for the District of New Jersey has diversity jurisdiction in this case based on 28 U.S.C. § 1332. Diversity jurisdiction exists when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens

of different states. *Id.* at § 1332 (a)(1). As explained below, both of these requirements have been met.

        A.        **Citizens of Different States**

        8.        According to Plaintiff's Complaint, and at the time of filing this removal, Plaintiff is an individual. An individual's citizenship "is determined by her domicile, and the domicile of an individual is his true, fixed and permanent home and place of habitation." *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "Where one lives is prima facie evidence of domicile[.]" *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972).

        9.        According to Plaintiff's Complaint, and at the time of filing this removal, Plaintiff is a resident of New Jersey, in that he lives in Lyndhurst, New Jersey. *Ex. A.*, pg. 1. Plaintiff filed his Complaint in New Jersey, Bergen County indicating his intent to remain in New Jersey in the near future to litigate this case. Moreover, upon information and belief, Plaintiff maintains a telephone number with a New Jersey area code and is registered to vote in New Jersey. Thus, Plaintiff has resided in New Jersey, and demonstrated an intent to remain in the State of New Jersey. As such, Plaintiff was and is a citizen of the State of New Jersey.

        10.        At the time of filing of the Complaint and at the time of this removal, Cushman & Wakefield of New Jersey, LLC is a limited liability company ("LLC"). For diversity jurisdiction purposes, the citizenship of an LLC is determined by the citizenship of its members. *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010); *see also VICI Racing, LLC v. T-Mobile USA, Inc.*, 763 F.3d 273, 282 (3d Cir. 2014) (a limited liability company "is a citizen of any state in which its members are citizens.").

        11.        The sole member of Cushman & Wakefield of New Jersey, LLC is Cushman & Wakefield, Inc. (Declaration of Donald Eisen, ¶4).

12. Cushman & Wakefield, Inc. is a corporation and is a resident of New York, which is its place of incorporation and the location of its headquarters. Specifically, its principal place of business is located at 1290 Avenue of the Americas, New York, New York, 10104. (Declaration of Donald Eisen , ¶5); *see* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."); *Hertz Corp. v. Friend*, 559 U.S. 77; 130 S. Ct. 1181, 1192 (2010).

13. Therefore, Cushman & Wakefield of New Jersey, LLC is, and was at the time Plaintiff filed the Summons and Complaint in State Court, a citizen of New York, and not New Jersey.

14. Complete diversity exists now and at the time the State Court Action was filed because Plaintiff and Cushman & Wakefield of New Jersey, LLC are citizens of different states. Jurisdiction is thus proper in this Court under 28 U.S.C. § 1332.

    **B.**    <u>**Amount in Controversy Met**</u>[1]

15. Plaintiff's Complaint does not plead a specific amount in controversy in excess of the jurisdictional amount required under 28 U.S.C. § 1332. However, in his Complaint, Plaintiff alleges breach of contract, breach of implied contract, breach of good faith and fair dealing, unjust enrichment, and quantum meruit. *See* Exhibit A.

16. The matter in controversy in the State Court Action exceeds the sum or value of $75,000.00. *See* 28 U.S.C. § 1332(a).

---

[1] Defendant does not concede Plaintiff's allegations are true or that his claims have any merit. Defendant provides the following only to demonstrate that the amount in controversy, based on the demand and relief sought by Plaintiff, taken as a whole far exceeds the $75,000 jurisdictional requirement. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a) and 1441(a).

17. The Complaint filed by Plaintiff alleges that he is seeking compensatory and punitive damages, as well as attorney's fees in this lawsuit, which exceeds the foregoing minimum amount in controversy.

18. Where removal is based on diversity of citizenship and the initial pleading does not demand a specific sum, "the notice of removal may assert the amount in controversy," and the removing Defendant need only establish that it is more likely than not that the amount in controversy exceeds the jurisdictional minimum of $75,000. 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("[A]s specified in § 1446(a), a Defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). Here, the amount in controversy meets the $75,000 threshold, as follows:

 a. Although Defendant submits that Plaintiff is not entitled to any recovery, Plaintiff seeks compensatory and punitive damages, among other forms of compensation. *Ex. A*, ¶6 (First Count), ¶5 (Second Count), ¶4 (Third Count), ¶3 (Fourth Count), and ¶3 (Fifth Count).

 b. Plaintiff claims that he is owed approximately $450,000-$750,000 in commissions for a property located in Bayonne. He further claims that he is due an additional $250,000 for a property in Jersey City. *Ex. A*, ¶4. On this basis alone, the amount in controversy is satisfied.

 c. Plaintiff further seeks punitive damages. "The Court must consider the Plaintiff's demand for punitive damages when calculating the amount in controversy and can aggregate these damages with the requested compensatory damages." *See Goralski v. Shared Techs., Inc.*, 2009 U.S. Dist. LEXIS 69042, *15-16 (D.N.J. Aug. 7, 2009) (citing *Golden v. Golden*, 382 F.3d 348, 355 (3d. Cir. 2004) (noting that jurisdictional amount in controversy may be satisfied

on the basis that the complaint seeks punitive damages)). Punitive damages awards can be significant. *See e.g. Kluczyk v. Tropicana Prods., Inc.*, 847 A.2d 23, 25-26 (N.J. Super. App. Div. 2004) (affirming damages award in full, including $225,000 for punitive damages).

19. Accordingly, the amount in controversy, exceeds the jurisdictional minimum of $75,000.00. *See* 28 U.S.C. § 1332(a).

## VENUE

20. The United States District Court for the District of New Jersey is the District Court of the United States within which Plaintiff's State Court Action is currently pending.

21. This Notice of Removal has been filed in the United States District Court for the District of New Jersey, the district court of the United States for the district and division within which the State Court Action is pending, as required by 28 U.S.C. §§ 110, 1441(a) and 1446(a).

## OTHER DEFENDANTS

22. Under 28 U.S.C. § 1446(b)(2)(A), all Defendants who have been properly joined and served must join in or consent to the removal of the action.

23. As noted above, Cushman & Wakefield of New Jersey, LLC is the only Defendant in existence.

## NOTICE TO PLAINTIFF

24. Upon filing of the Notice of Removal, Defendant also gave written notice thereof to Plaintiff's Counsel, Christine Carey Lilore, Esq., Law Offices of Christine Carey Lilore, 386 Main Street, Wyckoff, New Jersey 07481, pursuant to 28 U.S.C. § 1446(a).

25. By filing the Notice of Removal, Defendant does not waive any objections it may have as to service, jurisdiction, or venue, or any other defenses available to it at law, in equity or otherwise. Defendant intends no admission of fact or law by this Notice and expressly reserve all defenses and motions.

26. If the Court should be inclined to remand this action, Defendant requests that the Court issue an Order to Show Cause why the case should not be remanded, providing Defendant with an opportunity to present briefing and argument prior to any possible review. Because a remand order is not subject to appellate review, such a procedure is appropriate.

27. As required by 28 U.S.C. § 1446(a), this Notice of Removal is signed under Rule 11 of the Federal Rules of Civil Procedure.

## RELIEF REQUESTED

28. Defendant requests that the United States District Court for the District of New Jersey assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

**WHEREFORE**, Defendant respectfully requests that the foregoing action be removed from the Superior Court of New Jersey, Law Division, Bergen County, to the United States District Court for the District of New Jersey.

**LITTLER MENDELSON, P.C.**
*Attorneys for Defendant*
*Cushman & Wakefield of New Jersey, LLC*

Dated: September 24, 2021

*/s/ Christie A. Pazdzierski*
Ivan R. Novich
Christie A. Pazdzierski

4822-9316-1722.1 / 615000-3781

# EXHIBIT A

Law Offices of
**CHRISTINE CAREY LILORE**
386 Main Street
Wyckoff, N.J. 07481
Attorneys for Plaintiff
Attorney ID#3041987

|  |  |
|---|---|
| MICHAEL TERRANOVA | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br>DOCKET NO. |
| Plaintiff | Civil Action |
| v. | |
| CUSHMAN AND WAKEFIELD<br>Of NEW JERSEY INC, CUSHMAN<br>& WAKEFIELD Of NEW JERSEY<br>LLC, JOHN DOES 1-5, fictitious<br>Names for other parties that caused<br>harm to Plaintiff; ABC Corporation,<br>Fictitious name for of any other<br>Corporation under which those<br>Responsible for causing harm to<br>Plaintiff may operate | COMPLAINT |
| Defendants | |

Plaintiff, Michael Terranova, residing at, 136 Jay Ave, Lyndhurst, New Jersey, by way of Complaint verifies and states as follows:

**BACKGROUND**

1.  Plaintiff worked as a Director, Salesperson and LEED Green Associate for Defendant, Cushman & Wakefield of New Jersey Inc., which entity was renamed and registered with the State of New Jersey as Cushman & Wakefield of New Jersey LLC, (hereinafter "Cushman & Wakefield") from approximately July 2015 to November 2,

2020. Defendant, Cushman & Wakefield of New Jersey LLC is a New Jersey corporation, authorized to do business within the State of New Jersey, and is located at One Meadowlands Plaza, East Rutherford, N.J.

2. Plaintiff executed a Broker Salesperson Agreement, at the start of his employment, in which, Plaintiff agreed to be paid on a commission basis for all real estate transactions he worked on as a Broker/Salesperson for Defendant, Cushman & Wakefield and in return a commission rate was established and owed to Plaintiff for any and all transactions in which he was the Broker, even those transactions which were not finalized after Plaintiff's last date of employment. If no specific commission was negotiated, under the terms of the Broker Salesperson Agreement, subsequent to Plaintiff's employment termination date, the apportionment of commissions would be 50% to Plaintiff and 50% to Defendant. During the course of his employment, Plaintiff was denied commission on at least one deal, when the commission was given to the newest member of the team, who had not been involved in the transaction.

3. Pursuant to the Broker Salesperson Agreement, Plaintiff was provided with a form entitled – List of Pending Transactions – to be filled out at the conclusion of his employment with Defendant in November 2020. Plaintiff complied and provided his list of pending transactions at the termination of his employment. Defendant provided Plaintiff with documentation confirming that per the terms of the Contract of employment, Plaintiff would be entitled to pos-termination compensation with respect to work in progress (those pending transactions). Plaintiff was contacted by one of his real estate contacts/clients, after he was no longer working for Defendant. Plaintiff was advised that there was additional commission owed to the Defendant and therefore

Plaintiff, that Defendant had not collected and for which Plaintiff should be owed additional commission. Plaintiff estimated that he was owed approximately $80,000 additional commission for that transaction alone for commercial property located in Oakland, N.J. Defendant did not pay Plaintiff for the commissions owed and instead sent Plaintiff a demand letter dated November 18, 2020 alleging that Plaintiff owed a draw balance. Upon information and belief, Defendant was aware at the time of sending that letter that Plaintiff was owed commissions that far exceeded any draw balance.

4. Plaintiff has subsequently learned that two other deals for which he was the broker of record have also closed. For one property in Bayonne, Plaintiff is owed a 15% commission on gross commissions of 3-5,000,000 or approximately $450,000-$750,000; and for another property in Jersey City property, Plaintiff is owed a 50% commission from the total commission of approximately $250,000. There are four additional transactions which are still pending but from which Plaintiff will also be owed commissions, pursuant to the Broker Salesperson Agreement.

### FIRST COUNT
#### Breach of Contract

1. Plaintiff realleges and incorporates herein the paragraphs as set forth above in the Background of the Complaint as if set forth herein.

2. Defendant and Plaintiff entered into an agreement, entitled a Broker Salesperson Agreement, which entitled Plaintiff to commissions at varying rates for transactions that he brokered or assisted with, upon the client/customer entering into a formal rental/lease

agreement with Defendant. All parties continued to act in accordance with the general terms of the same contract of employment.

3. Plaintiff fully performed his duties as an employee of Defendant throughout his employment and as a direct result of Plaintiff's work, certain transactions were finalized. Plaintiff was instrumental in initiating the contact and negotiation with the prospective contact/client and as a result, he should have been paid commission for those closed transactions, in accordance with the terms of the Broker Salesperson Agreement

4. Plaintiff has made demand for payment of the commissions owed to him and Defendant has refused to pay Plaintiff the commissions owed.

5. Defendant has breached the terms of that Agreement, by failing to pay Plaintiff in accordance with terms of the Broker Salesperson Agreement. Under the terms of the written agreement between the parties, the breaching party shall pay the prevailing party attorneys' fees and costs and the same are included herein as part of Plaintiff's damages to be awarded as a result of Defendant's breach.

6. As a direct and proximate result of the same breach by Defendants, Plaintiff has been damaged. As set forth in the Background to the Complaint, the damages are ongoing and continue to accrue.

**WHEREFORE**, as to the First Count, Plaintiff demands judgment against Defendant awarding Plaintiff compensatory damages, pre-judgment and post-judgment interest, punitive damages, attorneys fees, costs of suit and such other relief as the Court deems appropriate.

## SECOND COUNT

### Breach of Implied Contract

1. Plaintiff realleges and incorporates herein the paragraphs as set forth above in the Background of the Complaint and the First Count as if set forth herein.

2. Plaintiff is entitled to be compensated for the work performed during his employment, including full and fair compensation for the work performed. Plaintiff continued to work under the terms and conditions as set forth in the initial written contract of employment throughout his employment, despite the fact that the same agreement was not otherwise updated during his subsequent years of employment after the contract's initial signing.

3. Despite the fact that there was no subsequent revision or update to that agreement on an annual basis, both Plaintiff and Defendant continued to act in accordance with the general terms of that initial contract, even if the same contract was not otherwise modified, with the exception of the denial of adequate compensation to Plaintiff. The actions of Plaintiff and Defendant therefore establish that even in the absence of a written agreement, there was an implied contract between the parties regarding the same.

4. As a direct result of Defendant's breach of that implied contract, Plaintiff has been damaged

**WHEREFORE**, as to the Second Count, Plaintiff demands judgment against Defendant awarding Plaintiff compensatory damages, pre-judgment and post-judgment interest, punitive damages, attorneys fees, costs of suit and such other relief as the Court deems appropriate.

## THIRD COUNT

### Breach of Good Faith and Fair Dealing

1. Plaintiff realleges and incorporates herein the paragraphs as set forth above in the Background of the Complaint and the First and Second Counts as if set forth herein.

2. Defendant has violated the terms of all agreements, written or verbal, between it and Plaintiff.

3. Defendant failed to act in good faith and fair dealing with regard to those agreements as well.

4. As a direct result, Plaintiff was damaged.

**WHEREFORE**, as to the Third Count, Plaintiff demands judgment against Defendant awarding Plaintiff compensatory damages, pre-judgment and post-judgment interest, punitive damages, attorneys fees, costs of suit and such other relief as the Court deems appropriate.

## FOURTH COUNT

### Unjust Enrichment

1. Plaintiff repeats and incorporates herein the paragraphs as set forth above in the Background of the Complaint and the First through Third Counts as if set forth herein.

2. Defendant has been unjustly enriched by Plaintiff's work, for which Plaintiff has not been compensated.

3. As a result, Plaintiff seeks damages to compensate him for commissions that he has been denied and/or for commissions that Defendant otherwise has chosen not to pay Plaintiff.

**WHEREFORE**, as to the Fourth Count, Plaintiff demands judgment against Defendant awarding Plaintiff compensatory damages, pre-judgment and post-judgment interest, punitive damages, attorneys fees, costs of suit and such other relief as the Court deems appropriate.

## FIFTH COUNT

### Quantum meruit

1. Plaintiff repeats and incorporates herein the paragraphs as set forth above in the Background of the Complaint and the First through Fourth Counts as if set forth herein.

2. Plaintiff is entitled to be paid for the value of his services and Defendant has denied him fair compensation for the work he performed including for all commissions that he is entitled to including for those transactions that have and/or will be concluded as a result of Plaintiff's work.

3. As a result, Plaintiff deserves to be adequately compensated for his work and the monetary benefit that Defendant received as a result of that work.

**WHEREFORE**, as to the Fifth Count, Plaintiff demands judgment against Defendant awarding Plaintiff compensatory damages, pre-judgment and post-judgment interest, punitive damages, attorneys fees, costs of suit and such other relief as the Court deems appropriate.

### R. 1:38-7(b) CERTIFICATION

I hereby certify that all confidential and personal identifiers have been redacted from documents now submitted to the Court and will be redacted from documents submitted in the future in accordance with R. 1:38-7(b).

### R. 4:5-1 CERTIFICATION

In accordance with R. 4:5-1, I certify that the matter in controversy is not the subject of an other action pending in any Court or of a pending arbitration proceeding. Further, the undersigned is not aware of the name of any other party that should be joined in this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

Law Offices of Christine Carey Lilore
Attorney for Plaintiff, Michael Terranova

_____
Christine Carey Lilore

Dated: August 10, 2021

# Civil Case Information Statement

**Case Details: BERGEN | Civil Part Docket# L-005332-21**

**Case Caption:** TERRANOVA MICHAEL  VS CUSHMAN & WAKEFIELD  OF NJ
**Case Initiation Date:** 08/10/2021
**Attorney Name:** CHRISTINE CAREY LILORE
**Firm Name:** CHRISTINE CAREY LILORE
**Address:** 386 MAIN STREET
WYCKOFF NJ 074810000
**Phone:** 2015609922
**Name of Party:** PLAINTIFF : Terranova, Michael
**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION
**Document Type:** Complaint
**Jury Demand:** NONE
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Michael Terranova?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

08/10/2021                                                                                    /s/ CHRISTINE CAREY LILORE
Dated                                                                                          Signed