UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL TERRANOVA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CUSHMAN AND WAKEFIELD OF NEW JERSEY, LLC *et al.*,<br><br>　　　　　Defendants. | Civil Action No.<br><br>21-17501 (BRM) (LDW)<br><br>**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO AMEND** |

**LEDA DUNN WETTRE, U.S.M.J.**

　　　　Before the Court is defendant Cushman & Wakefield of New Jersey, LLC's ("Cushman") motion for leave to file an amended answer and counterclaim.[1] (ECF No. 47). Plaintiff Michael Terranova opposes the motion. (ECF No. 52). The motion is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. Having considered the parties' written submissions, and for good cause shown, defendant's Motion to Amend is GRANTED.

**I.　　BACKGROUND**

　　　　Plaintiff Michael Terranova was employed by Cushman from July 2015 to November 2020 as a commercial real estate broker salesperson. (Complaint ¶¶ 1-2, ECF No. 1). Upon the commencement of his employment, plaintiff entered into a Broker Salesperson Agreement ("the Agreement"), pursuant to which he agreed to be paid exclusively on a commission basis. (Complaint ¶ 2, ECF No. 1). The crux of plaintiff's Complaint is that defendant owes him commissions on certain real estate transactions in which he played an active role in obtaining clients but that ultimately closed after he was terminated by Cushman. (Complaint ¶¶ 2-4, ECF No. 1). The Complaint asserts claims for breach of contract, "breach of good faith and fair dealing," unjust enrichment, and quantum meruit. (ECF No. 1).

　　　　Defendant's proposed counterclaim seeks repayment of draw from plaintiff. Pursuant to a draw agreement between plaintiff and Cushman, plaintiff received an advanced draw of $50,000, which plaintiff was required to repay through his commissions. (Def.'s Memo. of Law at 2, ECF No. 47-2). If the draw paid to plaintiff exceeded his earned commissions, he was responsible to repay to Cushman any outstanding balance at the end of the calendar year or within sixty days after the termination of his employment. (*Id*. at 2-3, ECF No. 47-2). In addition, Plaintiff executed a Promissory Note ("Note") to Cushman in the sum of $50,000 to secure repayment of the

---

[1]　　Cushman is the only active, non-fictitious defendant in this action.

advanced draw.  (Proposed Am. Complaint ¶ 21 & Exh. B, ECF No. 47-1).  Defendant's proposed counterclaim asserts that plaintiff is obligated under his agreements with Cushman and the Note to repay $46,153.88 in draw.  (Def.'s Memo. of Law at 2, ECF No. 47-2).

This action has been in fact discovery since the Court's issuance of the initial Pretrial Scheduling Order on January 11, 2022.  That Order set the initial fact discovery deadline as July 11, 2022 and required any request for leave to file a motion to add new parties or amend pleadings to be filed no later than May 1, 2022.  (ECF No. 14).  Due to delays in discovery occasioned by a mediation and plaintiff's demands for electronically stored information from defendant, fact discovery has been extended four times with the parties' consent, with a final fact discovery deadline of December 12, 2023.  (ECF Nos. 34, 36, 39, 60).

Following plaintiff's deposition in April 2023, defendant sought to amend its Answer to assert a counterclaim for breach of contract seeking repayment of draw from plaintiff.  (ECF No. 47).  After seeking but not obtaining consent from plaintiff for the amendment (as required by this Court's practices), defendant filed the instant motion.  Plaintiff contends defendant has failed to demonstrate entitlement to amend under Federal Rules of Civil Procedure 15 and 16.  (ECF No. 52).

## II. LEGAL STANDARD

The standard under which this motion is to be assessed is well-settled.  Federal Rule of Civil Procedure 15(a)(2) states that a court should "freely give leave [to amend] when justice so requires."  The ultimate decision to grant or deny leave to amend is a matter committed to the Court's discretion.  *See*, *e.g.*, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1970).  The Court should exercise its discretion to grant leave to amend under Rule 15(a)(2) absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

When a party moves to amend a pleading or implead a party after the deadline in the Court's scheduling order has passed, the "good cause" standard for modifying a schedule also applies.  *See Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020).  Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that the scheduling order issued by the Court "may be modified only for good cause and with the judge's consent," and the "good cause" requirement places a burden on the moving party to show that it exercised due diligence in obtaining the knowledge underlying the proposed amendment.  *See Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010).  "A party must meet this standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard."  *Premier Comp Solutions, LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020).  Thus, the Court will consider each of these standards in turn.

III.   ANALYSIS

### A. Good Cause Under Rule 16

As noted above, Rule 16(b)(4) mandates the party seeking leave to amend demonstrate good cause to the court. A showing of good cause requires that the party has exercised due diligence in bringing additional claims. *See Rogers v. Wilmington Trust Co.*, No. 21-1473, 2022 WL 621690, at *6 (3d Cir. Mar. 3, 2022) ("The touchstone for assessing whether there was good cause to amend a complaint is whether the moving party showed due diligence in bringing their claims."). Demonstrating due diligence, in turn, hinges on "whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired." *Sabatina v. Union Twp.*, Civ. A. No. 11-1656, 2013 WL 1622306, at *4 (D.N.J. Apr. 15, 2013).

Plaintiff contends that defendant could have moved to assert its counterclaim based on the draw agreement far earlier in the case, given that the terms of the draw agreement were known since the earliest stages of discovery. As such, he posits that defendant lacks good cause by seeking to amend its pleading more than a year after the expiration of the scheduling order's deadline.

The Court disagrees for two reasons. First, the date set in the initial scheduling order to seek to amend pleadings was set in light of the initial fact discovery deadline of July 11, 2022. The Court sets amendment deadlines at a time when it anticipates written discovery will be substantially completed. But here, fact discovery became prolonged, largely due to plaintiff's pursuit of extensive electronically stored information from defendant. Moreover, the first deposition in this case, the reported impetus for the motion to amend, was not taken until April 2023. Therefore, given that fact discovery was undeveloped when the initial date to amend passed in May 2022, there is good cause in this case for defendant to seek to amend after expiration of that deadline.

Second, defendant has persuaded the Court that it believed in good faith that the counterclaim was not fully viable until plaintiff testified at his deposition. Although defendant was aware of plaintiff's obligation to repay draw in certain circumstances, it represents that it did not fully appreciate those circumstances had materialized until plaintiff's deposition. Specifically, plaintiff testified at his deposition that he was allegedly only owed commissions on five total transactions, rather than the twelve originally referenced in his complaint. (Def.'s Reply Memo. of Law at 5, ECF No. 53-2). Cushman explains that it then determined, based on plaintiff's admission for the first time at deposition that he did not procure the owners or tenants in those transactions as required to earn commission under the Agreement, that it did not in fact owe plaintiff commissions on those transactions. (*Id.* at 1-2, 8-9, ECF No. 53-2). Thus, with this newly obtained information, defendant's ability to assert an affirmative counterclaim for repayment of the draw became viable, as any remaining draw balance would not need to be credited against the commissions purportedly owed to plaintiff, and defendant thus had the right to pursue payment on the Note. (*Id.* at 3, ECF No. 53-2). Indeed, as defendant explains, if there were any remaining transactions to which plaintiff was entitled to a commission equal to or greater than the draw

balance, defendant would be obligated to cancel the Note and thus would be unable, consistent with ethical obligations, to pursue repayment. (*Id*. at 3, ECF No. 53-2). Considering the foregoing, defendant acted in good faith by exercising a reasonable degree of due diligence in pursuing the factual underpinnings of its counterclaim before seeking to amend. Defendant therefore satisfies Rule 16's good cause requirement in seeking to amend its Answer after the deadline set by the Initial Scheduling Order for amending pleadings.

### B. Rule 15 Standards for Amendment

Leave to amend under Rule 15(a)(2) shall be freely granted absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, Plaintiff argues conclusorily that leave to amend should be denied because of bad faith, undue delay, and unfair prejudice. Other than invoking those familiar terms, however, plaintiff's arguments as to why leave to amend should be denied under Rule 15 are sparse. Specifically, he reiterates his arguments about delay made with regard to good cause under Rule 16 and contends that he will be prejudiced in that he "will incur additional time and expense in defending against Defendant's counterclaim which could have been brought at the initiation of this lawsuit." (Pl.'s Opp. Br. at 9, ECF No. 52-6).[2]

With regard to undue delay, plaintiff reiterates that defendant could have moved to amend prior to taking his deposition; however, the Court accepts as reasonable defendant's explanation that it had not confirmed the draw agreement formed the basis for an affirmative claim until obtaining plaintiff's admissions at deposition. While this did result in some delay, the Court finds that such delay was not undue, as it enabled defendant to ensure its pleading of a well-founded claim. *See High 5 Games, LLC v. Marks*, No. CV 13-7161 (JMV), 2017 WL 349375, at *5 (D.N.J. Jan. 24, 2017) (finding delay was not "undue" when document discovery is yet to be completed); *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008) ("Delay alone will not constitute grounds for denial.").

Finally, the Court finds no unfair prejudice to plaintiff in permitting the counterclaim to be asserted at this juncture in the case. Little, if any, additional discovery will be needed on the counterclaim given that, as plaintiff acknowledges, the issue of plaintiff's obligations under the draw agreement has been part of discovery in some fashion from the outset of this case. (Def. Memo. of Law at 8-9, ECF No. 47-2 (noting defendant will need only conduct limited written discovery, if any); Pl. Opp. Br. at 6, ECF No. 52-6 (noting relevance of draw agreement was apparent in pleadings and initial disclosures)). Moreover, as the discovery period is yet to expire in this case, amendment will not require "significantly delaying the resolution of the case." *In re Caterpillar Inc.*, 67 F. Supp. 3d 663, 668 (D.N.J. 2014) (explaining that delay becomes prejudicial

---

[2]  Plaintiff makes no argument of claim futility, nor does he elaborate on his allegation of bad faith, and the Court independently finds no basis to conclude that leave to amend should be denied on either ground.

only when there is "irretrievable loss of evidence, the dimming of witnesses' memories, or the excessive irremediable burdens or costs imposed on the non-moving party if amendment is granted"). Therefore, defendant's amendment will not prejudice plaintiff. The Court finds the Rule 15 criteria for amending the Answer to assert a counterclaim are satisfied.

### IV. CONCLUSION

For the foregoing reasons, defendant's Motion to Amend (ECF No. 47) is **GRANTED**. Defendant shall file the Amended Answer and Counterclaim within 7 days of the date of this Order. The parties shall proceed to complete discovery with respect to the new claim and party in accordance with the existing Amended Scheduling Order (ECF No. 60). **It is SO ORDERED**.

Dated: October 30, 2023

                                             *s/ Leda Dunn Wettre*
                                             Hon. Leda Dunn Wettre
                                             United States Magistrate Judge